JS 44 (Rev 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Charles Washington

### DEFENDANTS

Morrison Management Specialists, Inc.

**(b)** County of Residence of First Listed Plaintiff  Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Georgia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Timothy Creech, Esq. of Creech & Creech LLC
1835 Market St., Ste. 2626, Phila., PA 19103

Attorneys *(If Known)*

Rachel Fendell Satinsky, Esq. of Littler Mendelson PC
3 Parkway, 1601 Cherry St., Ste. 1400, Phila., PA 19102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U S Government Plaintiff
- [ ] 2 U S Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| [ ] 140 Negotiable Instrument | Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted | Liability | [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| Student Loans | [ ] 340 Marine | Injury Product | | New Drug Application | [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 345 Marine Product | Liability | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending | Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | Product Liability | [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | Property Damage | Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | Injury | [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - | Product Liability | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U S Plaintiff | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ | Sentence | | or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | [ ] 462 Naturalization Application | | Agency Decision |
| | [ ] 446 Amer w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| | Other | [ ] 550 Civil Rights | Actions | | State Statutes |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1441 and 1332
Brief description of cause:
Alleged improper actions in the workplace.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE  January ____, 2021

SIGNATURE OF ATTORNEY OF RECORD  /s/ Rachel Fendell Satinsky

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Philadelphia, PA _____

Address of Defendant: _____ Atlanta, Georgia _____

Place of Accident, Incident or Transaction: _____ Philadelphia, PA _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____  *Rachel Fendell Satinsky*  _____ 308751 _____
   *Must sign here*
   *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.  Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify)* _____

*B.  Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☑ 9. All other Diversity Cases
   *(Please specify)* _____ Employment _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Rachel Fendell Satinsky _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____  *Rachel Fendell Satinsky*  _____ 308751 _____
   *Sign here if applicable*
   *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CHARLES WASHINGTON       :
6399 P.O. Box           :
Philadelphia, Pennsylvania 19139,   :   Case No. _____
               :
      Plaintiff,       :
               :
    v.           :
               :
MORRISON HEALTHCARE, INC.    :
400 Northridge Road, Suite 600    :
Atlanta, Georgia 30350,      :
               :
      Defendant.      :

## NOTICE OF REMOVAL

Defendant Morrison Management Specialists, Inc. ("Morrison")[1] hereby files this Notice of Removal of this action to the United States District Court for the Eastern District of Pennsylvania from the Court of Common Pleas, Philadelphia County, Pennsylvania, pursuant to 28 U.S.C. §§ 1441 and 1332, and in support thereof, states as follows:

**I.  PROCESS, PLEADINGS, AND ORDERS**

1.  Plaintiff Charles Washington ("Plaintiff") commenced this action on January 20, 2021 by filing a Complaint in the Court of Common Pleas, Philadelphia County, Pennsylvania, captioned *Charles Washington v. Morrison Health Care, Inc.*, docketed at No. 200801757 (the "State Court Action"). A true and correct copy of the Complaint Plaintiff filed is attached hereto at Exhibit A.

2.  Plaintiff notified Morrison of the Complaint via email on January 20, 2021.

---

[1] Morrison Healthcare, Inc. is an improper defendant. The proper defendant is Morrison Management Specialists, Inc. Morrison Management Specialists, Inc. proceeds as if it was the properly named defendant.

3.     The State Court Action purports to state claims of discrimination, harassment, and other workplace related conduct.  The State Court Action also seemingly purports to state a claim related to Morrison's alleged improper reliance on Plaintiff's background check

4.     Pursuant to 28 U.S.C. § 1446(a), the attached Exhibit A constitutes all process, pleadings, and orders served upon Morrison or filed or received in this action by Morrison.

## II.     VENUE

5.     Pursuant to 28 U.S.C. §§ 118(a), 1441(a), and 1446(a), Morrison may remove the State Court Action only to the United States District Court for the Eastern District of Pennsylvania because Plaintiff filed the State Court Action, and the State Court Action currently is pending, in the Court of Common Pleas of Philadelphia County, Pennsylvania.  *See* 28 U.S.C. § 118(a) ("The Eastern District comprises the count[y] of . . . Philadelphia"); 28 U.S.C. § 1441(a) (". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . .").

## III.     FEDERAL JURISDICTION

9.     Under 28 U.S.C. § 1332, federal courts have original jurisdiction over actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

10.     For diversity purposes, an individual is a citizen of the state in which they are domiciled with the intent to remain.  *See Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1085 (8th Cir. 2017).  To be domiciled in a state, a person must reside there and intend to

remain indefinitely.   *See Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990).   A person may only have one domicile  and may be a citizen  of only one state for diversity jurisdiction  purposes.  *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914).

11.    In his Complaint,  Washington  states that he resides in Philadelphia,  Pennsylvania. It further appears from his Complaint  that he intends  to continue  to make Pennsylvania  his primary residence  for the indefinite  future.   (Compl.,  ¶ 3).   Therefore,  Washington  is a citizen  of Philadelphia  for purposes of 28 U.S.C. § 1332.

12.    For purposes of diversity  jurisdiction,  a corporation  is deemed to be a citizen  of the state in which  it was incorporated  and the state where it has its principal  place of business.  28 U.S.C. § 1332(c)(1).  A corporation's  principal  place  of business  is its "nerve center" – the place "where a corporation's  officers direct, control, and coordinate the corporation's  activities."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

13.    Morrison  is incorporated in the State of Georgia,  and its principal  place of business and headquarters  are located in Atlanta, Georgia.   Accordingly,  Morrison  is a citizen  of Georgia, not Pennsylvania,  for diversity  purposes.  *See* 28 U.S.C. §§ 1332(a)(1), (c)(1).

14.    Because the parties are citizens  of different  states, they are diverse for purposes of diversity  jurisdiction.   *See* 28 U.S.C. § 1332

15.    Pursuant to 28 U.S.C. § 1446(c), Morrison  need only establish by a preponderance of evidence that the amount in controversy exceeds the $75,000 jurisdictional  requirement.

16.    Where removal is based on diversity  of citizenship  and the initial  pleading  seeks a money judgment,  but does not demand a specific sum, "the notice  of removal may assert the amount in controversy," and a removing  defendant  need only establish that it is more likely  than

not that the amount in controversy exceeds the jurisdictional minimum of $75,000.  *See* 28 U.S.C. § 1446(c)(2)(A).

17.     Washington's Complaint seeks damages in excess of $50,000 for all damages suffered, punitive damages, reasonable attorney's fees and costs, declaratory judgment, equitable relief, plus such other relief as this Court deems just and proper, but does not provide a limit on the amount of damages he is seeking. (Compl. WHEREFORE clause).

18.     According to a reasonable reading of the Complaint, the amount in controversy is in excess of $75,000.  *See Angus* v. *Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (where plaintiff does not set a limit for damages, the court should make a reasonable reading of the value of the claim that plaintiff has asserted and come to an independent valuation of the amount plaintiff has claimed).

19.     Thus, for jurisdictional purposes, Morrison may remove this action notwithstanding Washington's failure to state precisely an amount of damages exceeding the requisite amount in controversy.  *Id*.

20.     Although Morrison denies the validity and merit of Washington's claims and allegations, and denies that he is entitled to any relief, his damages claim – for lost wages and benefits, emotional distress/mental anguish, compensatory relief, reasonable attorney's fees, equitable relief, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable – establishes an amount in controversy in excess of the jurisdictional minimum of $75,000.  (Compl., WHEREFORE clause).

21.     By reason of the foregoing and pursuant to 28 U.S.C. §§ 1441(b) and (c), Morrison desires and is entitled to have this case removed to the United States District Court for the Eastern District of Pennsylvania.

## IV.    COMPLIANCE WITH PROCEDURAL REQUIREMENTS

21.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3), as it is being filed on January 25, 2021, which is within thirty days of Morrison's receipt of the Complaint.

22.    In accordance with 28 U.S.C. § 1446(d), Morrison has filed this Notice with this Court, is serving a copy of this Notice upon counsel for Plaintiff, and is filing a copy of this Notice in the Court of Common Pleas of Philadelphia County.

23.    Morrison reserves the right to submit further evidence supporting this Notice should Plaintiff move to remand.

**WHEREFORE,** Morrison respectfully requests that this case be removed to the United States District Court for the Eastern District of Pennsylvania, that this Court accept jurisdiction of this action, and that this action be henceforth placed on the docket of the Court for all further proceedings as though this action had been originally instituted and commenced in this Court.

Respectfully submitted,

*/s/ Rachel Fendell Satinsky*

Rachel Fendell Satinsky, Esquire (308751)
Aaron J. Creuz, Esquire (322992)
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000 (t)
267.402.3131 (f)
rsatinsky@littler.com
acreuz@littler.com

Dated: January 25, 2021

## <u>CERTIFICATE OF SERVICE</u>

I, Rachel Fendell Satinsky, hereby certify that on this 25th day of January, 2021, I caused

the foregoing Notice of Removal to be served, via email, upon the following:

Timothy Creech, Esq.
Creech & Creech LLC
1835 Market Street, Suite 2626
Philadelphia, PA 19103
timothy@creechandcreech.com
*Attorney for Plaintiff*

*/s/ Rachel Fendell Satinsky*
Rachel Fendell Satinsky

# EXHIBIT A

Rachel Fendell Satinsky, Esquire
Aaron J. Creuz, Esquire
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000 (t)                        Attorneys for Defendant
267.402.3131 (f)                        Morrison Healthcare, Inc.
rsatinsky@littler.com
acreuz@littler.com

| | | |
|---|---|---|
| CHARLES WASHINGTON, | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| Plaintiff, | : | **CIVIL ACTION – LAW** |
| | : | |
| v. | : | No. 01757 |
| | : | Docket No. 200801757 |
| MORRISON HEALTHCARE, INC.,[1] | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:   Timothy Creech, Esq.
      Creech & Creech LLC
      1835 Market Street, Suite 2626
      Philadelphia, PA 19103
      timothy@creechandcreech.com

PLEASE TAKE NOTICE that a Notice of Removal of this action from the Court of

Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the

Eastern District of Pennsylvania was duly filed on January 25, 2021 in the United States District

---

[1] Morrison Healthcare, Inc. is an improper defendant. The proper defendant is Morrison Management Specialists, Inc. Morrison Management Specialists, Inc. proceeds as if it was the properly named defendant.

Court for the Eastern District of Pennsylvania.  A true and correct copy of the Notice of Removal is attached hereto as Exhibit A.

In accordance with 28 U.S.C. § 1446, this Notice, together with the Notice of Removal filed in the United States District Court for the Eastern District of Pennsylvania, has effected a removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.  This Court should proceed no further unless this case is remanded.

Dated: January 25, 2021                    Respectfully submitted,

                                           */s/ Rachel Fendell Satinsky*
                                           Rachel Fendell Satinsky, Esquire (308751)
                                           Aaron J. Creuz, Esquire (322992)
                                           LITTLER MENDELSON, P.C.
                                           Three Parkway
                                           1601 Cherry Street, Suite 1400
                                           Philadelphia, PA 19102.1321
                                           267.402.3000 (t)
                                           267.402.3131 (f)
                                           rsatinsky@littler.com
                                           acreuz@littler.com

2

## **CERTIFICATE OF SERVICE**

I, Rachel Fendell Satinsky, hereby certify that on this 25th day of January, 2021, I caused

the foregoing Notice of Filing of Notice of Removal to be served, via email, upon the following:

Timothy Creech, Esq.
Creech & Creech LLC
1835 Market Street, Suite 2626
Philadelphia, PA 19103
timothy@creechandcreech.com
*Attorneys for Plaintiff*

/s/ Rachel Fendell Satinsky
Rachel Fendell Satinsky

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION**

CHARLES WASHINGTON             :
   v.                                         :      August   Term 2020, No: 01757
MORRISON HEALTHCARE INC.,  :

**CASE MANAGEMENT CONFERENCE MEMORANDUM**

Filing party: Plaintiff, Charles Washington        By: Timothy P. Creech        , Esq.

Counsel's address and telephone number (**IMPORTANT**) Creech & Creech LLC;

1835 Market St., Suite 2626, Philadelphia, PA 19103; P:(215) 575-7618

# Part A

### *(to be completed in personal injury cases, including uninsured and underinsured motorist claims)*

1. Date of accident or occurrence: _____

2. Date of birth of your client: _____    Age on date of occurrence: _____

                                                               Unknown _____    Decline to provide_____

*NOTE: Date of birth information is intended for the Court's use only. The information will not be made available to the public.*

3. Most serious injuries sustained: _____

    _____

    _____

4. Is there any permanent injury claimed?        Yes_____    No_____

    If yes, indicate the type of permanent injury: _____

    _____

    _____

5. Dates of medical treatment:_____

6. Is medical treatment continuing?        Yes _____    No_____

7. Has there been an inpatient hospitalization?  Yes_____    No_____

8. Has there been any surgery?        Yes_____    No_____

    If yes, indicate the type of surgery:_____

***This form shall be presented to the Case Manager and copies served upon any party not served electronically by the Court at the time of the conference.  All present must be prepared to discuss its contents.***

9.  Approximate medical bills to date: $_____

10. Approximate medical bills recoverable in this case: $_____

11. Are there any existing liens (Workers' Compensation, DPW, Medical, etc.)?      Yes____ No____

    If yes, what type and approximate amount?_____

12. Time lost from work: _____

13. Approximate past lost wages: _____

14. Is there a claim for future lost earning capacity?      Yes____      No____

    If yes, approximate future lost earning capacity: _____

15. Are there any related cases or claims pending?      Yes____      No____

    If so, list caption(s) and docket number(s) or other appropriate identifier(s): _____

    _____

    _____

16. Do you anticipate joining additional parties?      Yes____      No____

17. Set forth a summary of facts giving rise to cause(s) of action: _____

    _____

    _____

18. Set forth a summary of facts in support of applicable defense(s) or any counterclaim: _____

    _____

    _____

19. Defense position as to causation of injuries alleged: _____

20. Identify all applicable insurance coverage:

| *Defendant* | *Insurance Carrier* | *Coverage Limits* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

21. Are there issues as to the applicability of the above insurance coverage?      Yes____ No____

22. Demand: $_____            Offer: $_____

2

# Part B

### *(to be completed in all cases other than personal injury)*

1. Date of contract or transaction: August 19, 2019 _____

2 Date of birth of your client: _____ Age on date of transaction: _____

   Unknown _____ Decline to provide X _____

*NOTE: Date of birth information is intended for the Court's use only. The information will not be made available to the public.*

3. Is there a writing?   Yes_____   No_____

   If yes, is there an allegation that the writing does not contain the entire agreement of the parties?

   Yes_____   No_____

4. Is the Uniform Commercial Code applicable to this case?   Yes_____   No X_____

5. Set forth a summary of facts giving rise to the cause of action:

   This is a "ban the box" and sexual harassment case. Plaintiff disclosed his criminal convictions

   and was hired. Plaintiff's supervisor made sexual advances on Plaintiff, which were rejected.

   In retaliation, the supervisor terminated Plaintiff, ostensibly due to the criminal convictions.

6. Are there any related cases or claims pending?   Yes_____   No X_____

   If so, list caption(s) and docket number(s) or other appropriate identifier(s): N/a. _____

   _____

   _____

7. Specific questions regarding ejectment and other property matters:

   (a) How did plaintiff obtain title (Sheriff sale, deed transfer, etc.)? N/a. _____

   (b) Date of Sheriff's sale or deed transfer: N/a. _____

   (c) Date of deed's recording: N/a. _____

   (d) Was a copy of the deed filed with the complaint, if not explain? N/a. _____

   _____

   (e) Was there ever a lease, if so when? N/a. _____

8. State the amount of damages claimed by Plaintiff:

   (a) Direct_____

   (b) Consequential_____

   (c) Other (specify) _____

9. Set forth a summary of facts in support of applicable defense(s) or any counterclaim:

   _____

   _____

   _____

10.   If there is a counterclaim, state the amount of damages sought:

(a) Direct N/a._____

(b) Consequential N/a._____

(c) Other (specify) N/a._____

11.   Identify all applicable insurance coverage:

| *Defendant* | *Insurance Carrier* | *Coverage Limits* |
|---|---|---|
| Morrison Health Care | _____ | _____ |
| _____ | _____ | _____ |

12.   Demand: $ > 50,000.00 _____     Offer: $ 0.00 _____

FORM 01-105 rev 11/27/18

4

By: TIMOTHY P. CREECH, ESQ. (81728)
1835 Market St., Suite 2626
Philadelphia, PA 19103-3699
 (215) 575-7618
timothy@attorneycreech.com                    *Counsel for Plaintiff*

## COURT OF COMMON PLEAS OF PHILADELPHIA
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CHARLES WASHINGTON, | : | |
| | : | |
| Plaintiff, | : | NO:   200801757 |
| | : | |
| v. | : | |
| | : | |
| MORRISON HEALTH CARE, INC. | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

TIMOTHY P. CREECH, ESQ., certifies that he caused a true and correct copy of the

Plaintiff's Case Management Conference Memorandum to be sent on this date *via* regular first-class

mail to the following:

Morrison Health Care, Inc.
400 Northridge Rd., Ste: 600
Atlanta, GA 30350

                              CREECH & CREECH LLC

                              */s/ Timothy P. Creech*
                              TIMOTHY P. CREECH

DATED:       January 20, 2021

**From:**      scheduling.notices@courts.phila.gov
**To:**        Timothy Creech
**Subject:**   Notice of Court Event
**Date:**      Wednesday, January 13, 2021 6:11:04 PM



IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

TIMOTHY CREECH
CREECH & CREECH LLC
1835 MARKET ST., SUITE 2626
PHILADELPHIA, PA 19103

WASHINGTON VS MORRISON HEALTH CARE, INC.
200801757

SCHEDULING ORDER

AND NOW, JANUARY 13, 2021, it is hereby Ordered that:

1. A Case Management Order will be issued on January 28, 2021,
after 09:00 A.M., subsequent to a review by a civil case manager
of the electronic court record, civil docket, and case management
memoranda in 613, City Hall, Philadelphia, PA 19107.

2. Counsel for Plaintiff is directed to serve a copy of this
Order on any unrepresented party or any attorney entering an
appearance subsequent to the issuance of this Order.

3. Attendance by all counsel of record and unrepresented is
waived. No Case Management Conference will be held in Room 613
City Hall.

4. Failure to file a Complaint or effectuate service of process
prior to the Case Management Order issuance date may result in
issuance of a Rule to Show Cause.

5. Five (5) days prior to the Case Management Order issuance date, all parties are required to electronically file with the Court and serve upon all opposing counsel and/or opposing parties not electronically served by the court a fully completed Case Management Memorandum. To electronically file the Case Management Memorandum, access the "Existing Case" section of the court's electronic electronic filing system. Select "Conference Submissions" as the filing category. Select "Management Memorandum" as the filing type.

6. The Conference will be conducted by a Civil Case Manager who shall act on behalf of the Honorable KAREN SHREEVES-JOHNS.

7. This case has been presumptively assigned to the MAJOR NON JURY EXPEDITED Case Management Track. This is subject to modification by a civil case manager.

SCHEDULING ORDER - Page 2

WASHINGTON VS MORRISON HEALTH CARE, INC. 200801757

8. If the case settles prior to the Case Management Order issuance date, counsel shall electronically file a settlement letter. To file the letter electronically, access the "Existing Case" section of the court's electronic filing system. Select "Conference Submissions" as the filing category. Select "Settlement Letter" as the document type.

9. Please direct any questions concerning this Order and its contents to CivilCaseManagement@courts.phila.gov.

Click the following link to access important documents related to the scheduled event.
http://www.courts.phila.gov/pdf/forms/civil/CMC-105.pdf

OFFICE OF THE CHIEF DEPUTY
COURT ADMINISTRATOR

D I S C L A I M E R
----------------------------------------------------------------
The First Judicial District will use your electronic mail address and other personal information only for purposes of Electronic Filing as authorized by Pa. R.C.P. 205.4 and Philadelphia Civil *Rule 205.4.

Use of the Electronic Filing System constitutes an acknowledgment
that the user has read the Electronic Filing Rules and Disclaimer
and agrees to comply with same.

------------------------------------------------------------------

This is an automated e-mail, please do not respond!



By: TIMOTHY P. CREECH, ESQ. (81728)
1835 Market St., Suite 2626
Philadelphia, PA 19103-3699
 (215) 575-7618
timothy@attorneycreech.com          *Counsel for Plaintiff*

## COURT OF COMMON PLEAS OF PHILADELPHIA
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CHARLES WASHINGTON, | : | |
| | : | |
| Plaintiff, | : | NO: __200801757__ |
| | : | |
| v. | : | |
| | : | |
| MORRISON HEALTH CARE, INC. | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

TIMOTHY P. CREECH, ESQ., certifies that he caused a true and correct copy of the January

13, 2021 Scheduling Order to be sent on this date *via* regular first-class mail to the following:

Morrison Health Care, Inc.
400 Northridge Rd., Ste: 600
Atlanta, GA 30350


CREECH & CREECH LLC

/s/ Timothy A. Creech
TIMOTHY P. CREECH

DATED:          January 20, 2021

CREECH & CREECH LLC
By: TIMOTHY P. CREECH, ESQ. (81728)
1835 Market St., Suite 2626
Philadelphia, PA 19103-3699
(215) 575-7618; Fax: (215) 575-7688
timothy@creechandcreech.com

NOTICE TO PLEAD  TO:
MORRISON HEALTHCARE, INC.
_____
You are hereby notified to file a written response to the
enclosed Amended Complaint within twenty (20) days of
service hereof or a judgment may be entered against you.

_____
TIMOTHY P. CREECH, ESQ.

*Counsel for Plaintiff*

## COURT OF COMMON PLEAS OF PHILADELPHIA
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CHARLES WASHINGTON | : | |
|  | : | **August**  Term 20**20**, No: **01757** |
| Plaintiff/Employee, | : | |
|  | : | |
| v. | : | |
|  | : | |
| MORRISON HEALTHCARE INC., | : | |
|  | : | |
| Respondent/Employer. | : | |
|  | : | |

## COMPLAINT

## INTRODUCTION AND PARTIES

Plaintiff Charles Washington by and through his undersigned attorney, submits the following

Amended Complaint.

1. This complaint involves actions that were taken against Plaintiff. Plaintiff lives at the following

address: 6399 P.O. Box., Philadelphia 19139.

2. This complaint involves actions taken by Morrison Healthcare, Inc., c/o Corporate Counsel

for Compass Group USA Inc. located at 2400 Yorkmont Road, Charlotte, North Carolina 2821.

3. Plaintiff was hired for the position of Cook II on December 23, 2016.

4. The duties of the job include food preparation.

## JURISDICTION

5.      Defendant is covered by the Fair Criminal Records Screening Standards, a Philadelphia ordinance that is enforceable in this Court.

6.      Defendant is also covered by the Philadelphia the Pennsylvania Human Relations Act, Pa. Stat. Ann. tit. 43, § 951 et seq. (the "PHRA"); the Philadelphia Fair Practices Ordinance ("PFPO"); and the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.* ("Title VII").

7.      On June 18, 2020, the EEOC issued a Notice of Right to Sue (*Issued on Request*) on Charge No.: 846-2020-11908.  This action was timely commenced by Writ of Summons within 90 days of such notice.

8.      On January 4, 2020, the PCHR issued "Information about the Right to Sue in State Court" on PCHR Complaint No: 2019-10-02-2254.  This action is timely commenced by this Complaint within 90 days of such notice.

9.      The conduct took place within the city of Philadelphia at Penn Presbyterian Medical Center at the following address: 51 North 39th Street Philadelphia PA 19104.

10.      The actions taken were against Plaintiff, 300 days from filing Complaint.

## COUNT I

## FAILURE TO CONDUCT INDIVIDUAL ASSESSMENT RESULTING IN TERMINATION

11. Plaintiff was terminated on August 19, 2019 after two and a half years of successful employment in the position of Cook II.

12. Defendant erred in concluding that Plaintiff record makes him an unacceptable risk to the operation of the business or to co-workers or customers.

A.  Nature of the offense:

    I.    In 2015, Plaintiff was convicted of sex-related offenses, all of which are misdemeanors. am not permitted to have unsupervised contact with minors.

B.  Time that has passed since the offense.

    I.    Plaintiff has had no convictions since 2015.

C.  Plaintiff employment history before and after the offense:

    I.    From 2015 to 2016 Plaintiff was employed by a staffing agency as a temporary worker at Penn Presbyterian Medical Center.

    II.    Because of Plaintiff's good performance on the job, in December 2016 he was hired by Defendant on a full-time, permanent basis. Defendant was aware of his conviction history.

    III.    Defendant conducted a background check and found Plaintiff eligible to work.

    IV.    As a full-time permanent employee, Plaintiff continued to perform the duties of his job in a satisfactory manner.

D.  The particular duties of the job:

    I.    The job of Cook II involves food preparation. Plaintiff's position was located in the basement of building where the Atwood Cafeteria is located.

    II.    The job does not involve unsupervised contact with minors.

    III.    Beginning in or around January 2018 Sous Chef Marisa Genovese, Supervisor began telling Plaintiff's co-workers and employees in other departments about his conviction history. Genovese also began disseminating Plaintiff's photograph and conviction history to his co-workers and employees in other departments.

    IV.    In 2018 Genovese began bringing her daughter, who appeared to be approximately 4 years old, into the workplace. On many occasions Genovese left her daughter

                alone in the office and in other places where Plaintiff would go during the normal course of the workday. Plaintiff deliberately did not go anywhere near the child.

       V.    Shortly thereafter Plaintiff accepted another Cook II job in a different location to get away from Genovese. Plaintiff's new job was located in the cafeteria, on the main floor of same building.

      VI.    Genovese scrutinized Plaintiff's work more closely than other similarly situated employees.

13. On August 19, 2019, the new Kitchen Director, Joshua Wenger terminated Plaintiff on the basis of his conviction history. Wenger stated Morrison did not hire felons and that Morrison's legal department made a mistake.

      a.    Morrison's legal department did not make a mistake. Plaintiff properly passed Defendant' background check.

      b.    Plaintiff does not have any felony convictions.

      c.    Plaintiff performed his job in a satisfactory manner at all times.

14. As a direct and proximate result of Defendant's misconduct, Plaintiff suffered injury, including but not limited to lost back pay, lost front pay, lost benefits, severe emotional distress, sleeplessness, anxiety, and other psychic harm.

15. Defendant's misconduct was willful, wanton, reckless and outrageous.

      WHEREFORE, Plaintiff demands judgment against Defendant in an amount greater than $50,000 for all damages suffered, punitive damages, reasonable attorney's fees and costs, declaratory judgment, equitable relief, plus such other relief as this Court deems just and proper.

## COUNT II

## SEX DISCRIMINATION/SEXUAL HARASSMENT/RETALATION

16. Repeats and realleges paragraphs 1-13 as if set forth at length herein.

17. Plaintiff is a homosexual male.

18. Plaintiff's supervisor, Genovese, made unwelcome sexual advances toward Plaintiff.

19. Plaintiff rejected those advances.

20. Genevese retaliated against Plaintiff for rejecting those advances.

21. The reason why Plaintiff's criminal history was brought up (after Plaintiff had been hired and had performed his work as described above) was in retaliation for Plaintiff's rejection of Genovese.

22. Genovese held, at all times, *respondeat superior* authority at Defendant's employ.  In the alternative, Genovese used her supervisory role to influence those with *respondeat superior* liability to take adverse actions against Plaintiff.

23. Respondent's conduct toward Plaintiff constitutes *quid pro quo* harassment.

24. Defendant caused Plaintiff to suffer adverse employment actions that affected Plaintiff's employment in a serious and tangible way with respect to Plaintiff's compensation terms, conditions and/or privileges of employment, as is set forth above and incorporated herein by reference.

25. Plaintiff's sexual orientation, homosexual, was a motivating factor or alternatively, a determinative factor in discriminating against Plaintiff.

26. Claimant was subjected to severe incidents of sexual harassment. In addition, or in the alternative, Claimant was subjected to pervasive incidents of sexual harassment.

27. As a direct and proximate result of Respondent's discrimination, Claimant suffered injury, as set forth above and incorporated herein by reference.

28.

29. Respondent's conduct was knowing, intentional, willful, wanton, reckless and outrageous.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount greater than $50,000 for all damages suffered, punitive damages, reasonable attorney's fees and costs, declaratory judgment, equitable relief, plus such other relief as this Court deems just and proper.

Respectfully submitted,

CREECH & CREECH LLC

/s/ Timothy P. Creech
TIMOTHY P. CREECH

DATED:      January 20, 2021


## CERTIFICATE OF SERVICE

TIMOTHY P. CREECH, ESQ., certifies that he caused a true and correct copy of the Plaintiff's Complaint to be sent on this date *via* regular first-class mail to the following:

Morrison Health Care, Inc.
400 Northridge Rd., Ste: 600
Atlanta, GA 30350

CREECH & CREECH LLC

/s/ Timothy P. Creech
TIMOTHY P. CREECH

DATED:      January 20, 2021

## VERIFICATION

I, CHARLES WASHINGTON, hereby state that I am the Plaintiff in this action.  Pursuant to 18 Pa.C.S. §4904, I declare under penalty of perjury that the factual allegations in the foregoing COMPLAINT are true and correct.

_____
CHARLES WASHINGTON

DATED:     01-20-2021