UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES WASHINGTON, | : <br> : <br> : NO: 2:21-cv-00335-KSM <br> Plaintiff, : <br> : <br> v. : <br> : <br> MORRISON HEALTHCARE INC., : <br> : <br> Defendant. : <br> : |

**AMENDED COMPLAINT**

Plaintiff, Charles Washington by and through his undersigned attorney, submits the following Amended Complaint.

**I.   PARTIES, JURISDICTION & VENUE**

1. Plaintiff, Charles Washington, is an adult homosexual male domiciled in the City of Philadelphia.

2. Defendant, Morrison Healthcare, Inc., c/o Corporate Counsel for Compass Group USA Inc. is a corporate entity located at 2400 Yorkmont Road, Charlotte, North Carolina 2821.

3. This Court has federal question jurisdiction over Plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), because Defendant employs more than 15 full time employees and is a municipal entity.

4. This Court has supplemental jurisdiction over claims brought under the Pennsylvania Human Relations Act, Pa. Stat. Ann. tit. 43, § 951 et seq. (the "PHRA"); the Philadelphia Fair Practices Ordinance ("PFPO"), Philadelphia Code, Ch. 9-1100, *et seq.*,; and the Fair Criminal Record Screening Standards Ordinance (the "Ban the Box" Ordinance), Philadelphia Code, Ch. 9-3500 *et seq.*

5. At all times material, Plaintiff was an "employee" and Defendant was an "employer" as defined by the applicable laws.

6. Defendant employs more than 500 employees.

7. Plaintiff was hired by Defendant for the position of Cook II on December 23, 2016.

8. Plaintiff was terminated on August 19, 2019.

9. The place of employment was in Philadelphia, Pennsylvania.

10. On June 11, 2020, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") for violations of Title VII and state law employment discrimination claims, Charge No.: 846-2020-11908.

11. On June 18, 2020, the EEOC issued a Right to Sue Notice.

12. On August 18, 2020, Plaintiff timely commenced an action in the Court of Common Pleas of Philadelphia by Writ of Summons at Docket No. 200801757.

13. The Writ of Summons was timely served on August 25, 2020.

14. The timely filing and service of a Writ of Summons pursuant to Pennsylvania law is a timely commencement of the action.  42 U.S.C. §2000e-5(f)(1); *Quintana v. Philadelphia*, No. CV 17-0996, 2018 WL 3632144 (E.D. Pa. July 30, 2018) (Pappert, J.); *Heater v. Kispeace*, No. 05-4545, 2005 WL 2456008 (E.D. Pa. 2005) (Schiller, J.); *Galbraith v. Gahagen*, 204 A.2d 251 (Pa. 1964).

15. On January 6, 2020, Plaintiff timely filed a Charge with the Philadelphia Commission on Human Relations ("PCHR") for violations of the "Ban the Box" Ordinance.

16. On January 6, 2021, the PCHR issued Notice of Right to Sue on the "Ban the Box" claims.

17. Plaintiff timely commenced this action by filing a Complaint alleging violations of "Ban the Box"; Title VII; and PHRA and PFPO in the Court of Common Pleas on January 21, 2021.

18. Defendant timely removed the matter to this Court.

**II.     FACTUAL ALLEGATIONS**

19. On October 21, 2016, Plaintiff was convicted of sex-related offenses, all of which were misdemeanors, and Plaintiff was not permitted to have unsupervised contact with minors.

20. Plaintiff was placed on probation.

21. Plaintiff abided by all terms of his probation at all times.

22. In or about December 2016, Plaintiff applied to work full-time for Defendant.

23. Plaintiff fully disclosed to Defendant the conviction and he described the nature of the offense.

24. Defendant performed a background check, which disclosed Plaintiff's criminal background.

25. December 23, 2016, Defendant hired Plaintiff.

26. Defendant had full knowledge of Plaintiff's conviction when it hired him.

27. Defendant employed Plaintiff as Cook II. He worked in the basement at Penn Presbyterian Hospital.

28. At all times material, Plaintiff was qualified to perform essential functions of his job without coming into contact with minors or otherwise violating his probation.

29. Plaintiff's job functions do not require that he come into contact with minors.

30. Plaintiff's work history for Defendant was excellent.

31. Plaintiff's supervisor was Marisa Genovese.

32. Genovese made sexual advances toward Plaintiff.

33. Genevese rubbed Plaintiff's back and arms, and rubbed her breasts on Plaintiff's body, on several occasions while Plaintiff was cooking on the line.

34. The conduct of Genovese toward Plaintiff was unwelcome.

35. Plaintiff rejected the advances of Genovese.

36. Afterward, Genovese's attitude toward Plaintiff changed. Genovese began scrutinizing Plaintiff's work and criticizing it in ways that she did not do prior; and in ways she did not do to other employees of Defendant supervised by Genovese.

37. Genovese researched Plaintiff on her own and discovered Plaintiff's criminal history.

38. Genovese told Plaintiff's co-workers and employees in other departments about his conviction history.

39. Genovese also began disseminating Plaintiff's photograph and conviction history to his co-workers and employees in other departments.

40. In 2018 Genovese began bringing her daughter, who appeared to be approximately 4 years old, into the workplace. On many occasions Genovese left her daughter alone in the office and in other places where Plaintiff would go during the normal course of the workday. Plaintiff deliberately did not go anywhere near the child.

41. At no time was Plaintiff with the child unsupervised and at no time did Plaintiff breach the terms of his probation.

42. Genovese's conduct in bringing the child to the workplace was a violation of Defendant's own rules.

43. At no time was Plaintiff unable to perform essential functions of the job while the child was on the premises.

44. Plaintiff complained to Robert Carney, Kitchen Director; to the kitchen manager; and the kitchen executive manager, about the conduct of Genevese. In particular, Plaintiff complained about the sexual harassment, how she treated Plaintiff differently after Plaintiff rejected her advances, and that Genovese was publicizing Plaintiff's criminal history.

45. In or about August 2019, Carney was replaced as Kitchen Director by Joshua Wenger.

46. Genovese told Wenger about Plaintiff's criminal history.

47. On August 19, 2019, Wenger terminated Plaintiff ostensibly on the basis of his conviction history. However, Plaintiff was terminated in retaliation for rejection of Genovese's advances and for asserting his civil right to be free from harassment.

48. Wenger stated Morrison did not hire felons and that Morrison's legal department made a mistake. However, Defendant's legal department did not make a mistake. Plaintiff properly passed Defendant' background check.

49. Plaintiff is not a convicted felon.

50. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe injuries, which include but are not limited to:

   a) Lost wages;
   b) Lost back pay;
   c) Lost future wages;
   d) Lost benefits;
   e) Embarrassment and humiliation;
   f) severe emotional distress; and
   g) other damages as described in further detail in this pleading and as will become evident through the course of discovery.

51. Defendant's misconduct was knowing, willful, wanton, reckless and outrageous.

### III.  CAUSES OF ACTION

#### COUNT I:  "BAN THE BOX" – Phila. Ordinanance

52. Repeats and realleges paragraphs 1-51 as if set forth at length herein.

53. The "ban the box" ordinance provides, in pertinent part:

> **§9-3504. Prohibition Against Unfair Discrimination Against Persons Previously Convicted of One or More Criminal Offenses**
> …
> (2) No employer shall maintain a policy of automatically excluding any applicant with a criminal conviction from a job or class of jobs. A prospective employer shall not reject an applicant based on his or her criminal record, unless such record includes conviction for an offense

5

>that bears such relationship to the employment sought that the employer may reasonably conclude that the applicant would present an unacceptable risk to the operation of the business or to co-workers or customers, and that exclusion of the applicant is compelled by business necessity. An employer shall make a determination regarding such risk only after reviewing the applicant's specific record and the particular job being sought, and conducting an individualized assessment of the risk presented. Such assessment shall include:
>
>>(a) The nature of the offense;
>>(b) The time that has passed since the offense;
>>(c) The applicant's employment history before and after the offense and any period of incarceration;
>>(d) The particular duties of the job being sought;
>>(e) Any character or employment references provided by the applicant; and
>>(f) Any evidence of the applicant's rehabilitation since the conviction.

54. The conviction of Plaintiff does not bear such a relationship to the operation of the business, co-workers or customers to compel that Plaintiff not work for Defendant as a business necessity.

55. Defendant employed Plaintiff with knowledge of the conviction.

56. Nothing happened in the interim to raise a reasonable belief that the termination of Plaintiff was a business necessity.

57. As a direct and proximate result of Defendant's misconduct, Plaintiff suffered injury, as set forth above and incorporated herein by reference.

58. Defendant's conduct was knowing, willful, wanton, reckless and outrageous.

WHEREFORE, Plaintiff demands judgment against Defendant, Morrison Healthcare, Inc., for all equitable and monetary relief available under the applicable laws; including but not limited to compensatory damages, punitive damages, liquidated damages, prejudgment interest, attorney's fees and costs, and such other relief as this Court deems just and proper.

### COUNT II:  SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT – Title VII

59. Repeats and realleges paragraphs 1-58 as if set forth at length herein.

60. Defendant's conduct created a hostile work environment, in violation of Title VII.

61. The elements of a sexual harassment/hostile work environment claim are:

    1) the employee suffered intentional discrimination because of his/her sex
    2) the discrimination was severe or pervasive
    3) the discrimination detrimentally affected the Plaintiff
    4) the discrimination would detrimentally affect a reasonable person in like circumstances, and
    5) the existence of *respondeat superior* liability.

62. Plaintiff suffered intentional discrimination because of his sex, as set forth in detail above and incorporated herein by reference.

63. Plaintiff's direct supervisor created a severe and pervasive hostile work environment, as set forth in detail above and incorporated herein by reference.

64. Plaintiff's direct supervisor offered *quid pro quo* sexual harassment, as set forth in detail above and incorporated herein by reference.

65. Defendant, through Plaintiff's supervisory employees and/or other agents with authority to act on behalf of Defendant, failed to take immediate and appropriate corrective action upon learning of Plaintiff's supervisor's unlawful conduct.

66. Defendant's conduct after Plaintiff's complaints, as set forth in detail above and incorporated herein by reference, also constituted severe and pervasive discrimination against Plaintiff.

67. As a direct and proximate result of Defendant's conduct, Plaintiff was detrimentally affected by the conduct of Defendant as set forth in detail above and incorporated herein by reference, and as will be established through the course of discovery into the damages that Plaintiff suffered.

68. A reasonable person in like circumstances would be detrimentally affected by Defendant's conduct detailed above and incorporated herein by reference.

69. The individuals who participated in the discriminatory conduct detailed above and incorporated herein by reference had *respondeat superior* authority to bind Defendant. Accordingly, Defendant is liable for such conduct.

70. As a direct and proximate result of Defendant's conduct, Plaintiff suffered injury, as set forth above and incorporated herein by reference.

71. Defendant's conduct was knowing, willful, wanton, reckless and outrageous.

WHEREFORE, Plaintiff demands judgment against Morrison Healthcare, Inc., for all equitable and monetary relief available under the applicable laws; including but not limited to compensatory damages, punitive damages, liquidated damages, prejudgment interest, attorney's fees and costs, and such other relief as this Court deems just and proper.

**COUNT III:  SEX DISCRIMINATION – Title VII**

72. Repeats and realleges paragraphs 1-71 as if set forth at length herein.

73. The elements of a claim for sex discrimination are that the Plaintiff:

    1) is a member of a protected class;
    2) Is qualified for the position s/he sought to retain;
    3) suffered an adverse employment action; and
    4) the action occurred under circumstances that could give rise to an inference of intentional discrimination.

74. Plaintiff is a member of a protected class. Plaintiff is a homosexual male.

75. Plaintiff was qualified for the position he sought to retain. At all times material, Plaintiff is and was qualified and competent to serve as Cook. Plaintiff's performance history was excellent.

76. Plaintiff suffered several adverse employment actions as set forth in detail above and incorporated herein by reference.

77. The adverse action suffered by Plaintiff occurred under circumstances that could give rise to an inference of intentional discrimination, as set forth in above and incorporated by reference.

78. As a direct and proximate result of Defendant's conduct, Plaintiff suffered injury, as set forth above and incorporated herein by reference.

79. Defendant's conduct was knowing, willful, wanton and outrageous.

WHEREFORE, Plaintiff demands judgment against Defendant Morrison Healthcare Inc., for all equitable and monetary relief available under the applicable laws; including but not limited to compensatory damages, punitive damages, liquidated damages, prejudgment interest, attorney's fees and costs, and such other relief as this Court deems just and proper.

### COUNT IV:   RETALIATION – Title VII

80. Repeats and realleges paragraphs 1-71 as if set forth at length herein.

81. Defendant committed unlawful retaliatory conduct in violation of Title VII.

82. The elements of a retaliation claim are as follows:

   1) The Plaintiff engaged in a protected activity;
   2) The Defendant took an adverse employment action against the Plaintiff;
   3) There was a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

83. Plaintiff engaged in a protected activity, as set forth in detail above and incorporated herein by reference.

84. Defendant took several adverse employment actions against Plaintiff, as set forth in detail above and incorporated herein by reference.

85. Defendant's adverse employment actions were taken as a direct and proximate result of Plaintiff's participation in the protected activity.

86. Plaintiff's direct supervisor retaliated against Plaintiff for rejecting his unwanted sexual advances, refusal to participate in the *quid pro quo* harassment, and resistance to other discrimination as set forth above and incorporated herein by reference.

9

87. Defendant, through Plaintiff's supervisory employees and/or other agents with authority to act on behalf of Defendant, failed to take immediate and appropriate corrective action upon learning of Plaintiff's supervisor's unlawful conduct.

88. Defendant's conduct after Plaintiff's complaints, as set forth in detail above and incorporated herein by reference, also constituted retaliation against Plaintiff.

89. As a direct and proximate result of Defendant's conduct, Plaintiff suffered injury, as set forth above and incorporated herein by reference.

90. Defendant's conduct was knowing, willful, reckless, wanton and outrageous.

WHEREFORE, Plaintiff demands judgment against Defendant, Morrison Healthcare Inc., for all equitable and monetary relief available under the applicable laws; including but not limited to compensatory damages, punitive damages, liquidated damages, prejudgment interest, attorney's fees and costs, and such other relief as this Court deems just and proper.

**COUNT V:   PHRA**

91. Repeats and realleges paragraphs 1-90 as if set forth at length herein.

92. The foregoing violations of federal laws also constitute violations of the PHRA.

93. As a direct and proximate result of Defendant's conduct, Plaintiff suffered injury, as set forth above.

94. Defendant's conduct was knowing, willful, wanton and outrageous.

WHEREFORE, Plaintiff demands judgment against Defendant, Morrison Healthcare, Inc., for all equitable and monetary relief available under the applicable laws; including but not limited to compensatory damages, liquidated damages, prejudgment interest, attorney's fees and costs, and such other relief as this Court deems just and proper.

**COUNT VI:  PFPO**

95. Repeats and realleges paragraphs 1-94 as if set forth at length herein.

96. The foregoing violations of federal and state laws also constitute violations of the PFPO.

97. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe injuries, as set forth above and incorporated herein by reference.

98. Defendant's conduct was knowing, willful, wanton, reckless and outrageous.

WHEREFORE, Plaintiff demands judgment against Defendant, Morrison Healthcare, Inc., for all equitable and monetary relief available under the applicable laws; including but not limited to compensatory damages, punitive damages, liquidated damages, prejudgment interest, attorney's fees and costs, and such other relief as this Court deems just and proper.

Respectfully submitted,

CREECH & CREECH LLC

/s/ Timothy P. Creech
TIMOTHY P. CREECH
1835 Market St., Suite 2626
Philadelphia, PA 19103
(215) 575-7618; Fax: (215) 575-7688
Timothy@CreechandCreech.com

DATED:   January 29, 2021

## CERTIFICATE OF SERVICE

TIMOTHY P. CREECH, ESQ., certifies that he caused a true and correct copy of the Plaintiff's Amended Complaint to be sent on this date *via* ECF Notification to the following ECF Registered Users:

>Rachel Fendell Satinsky, Esq.
>rsatinsky@littler.com, TWatson@littler.com, sbruno@littler.com
>
>Aaron J. Creuz, Esq.
>acreuz@littler.com, nmcox@littler.com
>
>*Counsel for Defendant,*
>*Morrison Health Care, Inc.*

CREECH & CREECH LLC

*/s/ Timothy P. Creech*
TIMOTHY P. CREECH

DATED:       January 29, 2021